CHARLES MADSDEN *vs.* THE PHŒNIX FIRE INSURANCE COMPANY.

Action on a policy of insurance against fire. One objection to the recovery was, that the preliminary proof was irregular, informal and insufficient; but there being some evidence of waiver by the agent of the insurer: *Held*, That the question of waiver was, under all the circumstances in evidence, one of fact for the jury, and that the Judge below did not err in refusing a non-suit on the ground that the preliminary proof was insufficient.

The insurer is bound fairly to apprize the assured of any defect in his preliminary proof on which he intends to insist, so that the assured may know what is essential to a due presentation of his claim, and waiver may be inferred where the objection to such proof is in general terms.

Failure to charge the jury with certain propositions of law cannot be assigned for error, unless the Judge be requested so to charge.

A covenant, contained in a policy of insurance against fire, that the insurer "will not be answerable for any loss arising from the use of fires in buildings unprovided with a good and substantial stove, or brick chimney," does not require that a stove in which fires are used should be built into, and form part of, a brick chimney.

BEFORE GLOVER, J., AT CHARLESTON, JUNE TERM, 1868.

The report of his Honor the presiding Judge is as follows:

" The action was on a policy of insurance for the term of eleven months, dated November 2, 1866, to recover for a total loss by fire,

occurring February 14, 1867, at night, in the absence of the insured. His books were lost or destroyed, except a few leaves of a small memorandum book. There was a stove in a small room, with a pipe extending three feet to a wooden partition, in which fire had been seen by a witness, but none had been kindled that day. C. Carpel was the last person in the store that night, and there was no fire when he closed the doors.

"Respecting the preliminary proofs and the conditions precedent required by the terms of the contract, the following evidence was offered:

"*The plaintiff* stated that he presented a certificate of his claim, which was produced, and Mr. Tupper, the agent of the company, retained it, and, after two months, informed plaintiff that he did not mind to pay $500 or $1,000, which was refused. *Mr. Tupper*, defendant's agent, stated that the papers submitted as proofs of loss, preliminary to payment, were handed to him about a week after the fire, and he asked the plaintiff to leave them for examination, who called a month after, when witness informed him that they had no idea of such a loss as plaintiff alleged. Said that the papers were not regular, informal, and insufficient; and he stated to the plaintiff if they could settle on a sum as compensation for actual loss, he would pay, and perhaps more. Afterwards, in January last, he informed plaintiff, in writing, that his proofs were insufficient and informal. He did not go into details as to the insufficiency of proof, and he proposed to assist the plaintiff. He required bills and invoices, and duplicates, but he did not tell plaintiff what was required. He would have been satisfied with the proofs which the conditions of the policy required.

"The evidence having closed, a motion was made for a non-suit, on the ground, that there was no proof that the plaintiff had furnished such evidence of the loss and claim as the conditions required, which I overruled, as there was evidence from which the jury might infer a waiver of the strict proof required by the policy, and which was proper for their consideration. Respecting the first ground of appeal for a new trial, the question submitted to the jury was, whether the defendant, in the negotiation for a settlement, had not dispensed with the preliminary proof, as no objection was urged, in the first interview, to a settlement, except as to the extent of the loss. The plaintiff could not furnish his books, etc., as they had been destroyed by the fire. I also submitted to the jury,

whether the fire occurred from the stove, or whether fire had been in the stove that day. There was much evidence as to the loss, whether total or partial, but as the grounds of appeal do not require it, I have not reported it.

"The verdict was for the plaintiff."

The defendant appealed, and now moved this Court for a nonsuit, and, failing in that motion, then for a new trial, on the grounds:

### FOR NON-SUIT.

*First.* That the conditions in the policy, as to the mode and form of stating a loss, and the nature of the proof of the amount thereof, are conditions precedent on the part of the assured; and that, until the loss and claim is made, as directed in the said condition, there is no cause or right of action against the insurer. That, in this case, there was no sufficient proof of a waiver of the preliminary proof, or any part of it.

### FOR NEW TRIAL.

*Second.* That the presiding Judge should have charged the jury, that the insurer was not required by law to specify his objections to this preliminary proof, *item by item*, and advise the assured of the special item objected to; but that a general objection of informality and incorrectness was a sufficient objection to the whole, and that no waiver could be inferred from such a mode of objection.

*Third.* That His Honor should have charged the jury that, under the twelfth Section of the policy, the insurance was void, as the assured had made fire in a stove, and not in a stone or brick chimney, as required by the conditions of the said policy, thereby increasing the risk; and that it was immaterial whether a fire was in the stove on the day of the accident or not; it was enough that the risk had been incurred thereby.

*Fourth.* Because the verdict was, in other respects, contrary to the law and evidence.

*Whaley,* for appellant.

*Simonton, King & Runkle,* contra.

Dec. 23, 1868. The opinion of the Court was delivered by

WILLARD, A. J. This is an appeal from a judgment rendered by the Charleston Common Pleas, originally taken to the Court of Appeals, and brought into this Court, by transfer, under the recent statute.

The judgment was for the plaintiff on a fire policy issued by the defendants on a stock of goods in the city of Charleston.

The first point of appeal alleges error in the refusal of the Circuit Judge to allow a non-suit. The second and third grounds are, the failure of the Judge to charge the jury as to certain propositions deemed by the defendants appropriate and material to the case. The fourth ground is, that the verdict is contrary to law and evidence.

The questions raised by the points of appeal are: *First*, Whether there was evidence of a waiver, on the part of the defendants, of a strict compliance with the requirements of the policy as to the preliminary proofs of loss; and, *Second*, Whether the plaintiff has incurred a forfeiture, under the policy, for a violation of the covenant implied in the following clause of the policy, viz: "This Company will not be answerable for any loss arising from the use of fires in buildings unprovided with a good and substantial stove or brick chimney."

The brief is defective in not furnishing to the Court information as to the precise character of the alleged irregularity in the preliminary proofs. All that is said on this subject, in the report of the Circuit Judge, is to the following effect: "The plaintiff stated that he presented a *certificate* of his claim."

We are unable to ascertain whether the assumed defect is one of substance or of mere form.

Knowledge of the precise defect complained of would materially assist the examination of the present question.

The evidence bearing on the question of waiver, as reported, is contained in statements made by the plaintiff, and by an agent of the defendants.

The plaintiff's statement is, that he presented a certificate of his claim, and Mr. Tupper, the agent of the company, retained it, and, after two months, informed plaintiff that he did not mind to pay $500 or $1,000, which was refused. Mr. Tupper states that the papers submitted, as proof of loss, preliminary to payment, were handed to him about a week after the fire, and he asked the

plaintiff to leave them for examination, who called a month after, when witness informed him that they had no idea of such a loss as plaintiff alleged; said, "that the papers were not regular, informal and insufficient;" and he stated to the plaintiff, if they could settle on a sum as compensation for actual loss, he would pay, and perhaps more. Afterwards, in January last, he informed plaintiff, in writing, that his proofs were insufficient and informal. He did not go into details as to the insufficiency of proof, and he proposed to assist the plaintiff. He required bills, invoices and duplicates, but he did not tell plaintiff what was required. He would have been satisfied with the proof which the conditions of the policy required.

The doctrine that runs through the cases on this subject is, that the insurer is bound fairly to apprise the insured of any defect in his preliminary proofs on which he intends to. insist, so that the insured may know what is essential to a due presentation of his claim.—*McMasters* vs. *Insurance Company*, 25 Wen., (N. Y.,) 379; *Clark* vs. *Insurance Company*, 6 Cush., (Mass.,) 342; *Bodle* vs. *Insurance Company*, 2 Comst., (N. Y.,) 53.

The sufficiency of the notice of defect is a question arising under the circumstances of the particular case, and, therefore, is one of fact for the jury.

When the defect complained of is of little substantial importance, and not readily discovered, except by one experienced in the business, greater precision will naturally be demanded in the statement of the objection than when it is patent and vital to the interests of the insurer.

In *Charleston Insurance Company* vs. *Neve*, (2 McM., 237,) no objection, on the score of irregularity, was made by the insurer, yet the Court held that the question of waiver was properly submitted to the jury, notwithstanding, as stated in the opinion, a majority of the Court thought that the proof was waived by the company.

If, in a case where the Court could go so far towards discovering the fact of waiver without the aid of a jury, a submission of the question was deemed proper, in the present case its propriety cannot be questioned, when the fact is to be made out upon evidence of what occurred between the parties, and which evidence, as far as we can make it out from the report of the Circuit Judge, was, to some extent at least, obscure and contradictory.

Without the "preliminary proof" before us, or any exact knowledge, from the record, of the precise points of objection made by the

insurer, it is impossible for us to say, as matter of law, that the objection made by the agent of the company was sufficient fairly to apprize the plaintiff of the defect they intended to insist upon.

This view disposes of the exception to the refusal to non-suit.

As to the second point of appeal, it does not appear that the Circuit Judge was requested to charge according to the terms of the exception, and, therefore, error cannot be assigned in respect thereof; but, independent of this objection, the proposition that a general objection of informality and incorrectness was a sufficient objection, and that no waiver could be inferred from such a mode of objection, cannot be maintained as stated. A case may arise when a general objection might be the most artful means of misleading the insured as to the real point of difficulty.

The correct rule on this subject has been stated in considering the first point of appeal.

The third ground of appeal is insufficient, so far as it is based upon the failure of the Judge to charge certain propositions therein set forth, for want of a request to charge, as was the case in reference to the second ground.

If counsel desire to bring any view of the law of a case to the attention of the jury, they must make such view the subject of a request to charge; and, failing in this, they cannot allege error. The maintenance of this rule is essential to a correct and careful administration of justice, when the Appellate Court is limited to a consideration of exceptions in points of law, and cannot look into the whole case to see that substantial justice has been done between the parties.

Looking, however, into the clause of the policy relating to the use of fires, above recited, we are of opinion that a breach of the condition, in this respect, cannot be established without proof that the building in which the goods insured were, at the time of the loss, was without a good and substantial stove or brick chimney. No such proof was offered. It was contended, however, by the counsel for defendants, that the true construction of this condition required, that any fires that should be authorized by the assured should be confined to a fire-place built into, and forming part of, such chimney. That is not the language of the condition, nor could it, in view of the very general employment of stoves used in connection with such chimneys, (a practice tending to diminish rather than to increase the risk of the insurer,) be a reasonable inference from such language. There was, therefore, as the case stands be-

fore us, no ground for submitting the question, whether there had or had not been a fire in the stove, to the jury; nor can the defendants have been in any way prejudiced by such submission.

We see no ground for interfering with the verdict of the jury, as alleged in the first point of appeal; and if our right to set the verdict aside, on the ground of its being against evidence, was undoubted, we could find no sufficient ground for its. exercise in the present case.

The appeal is dismissed.

*Hoge,* A. J., concurred.